# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES LEWIS ATKINS, JR.

    Plaintiff,

vs.

BUSH & LEVY, LLC, et al.,

    Defendants.

Case No. 2:09-CV-01293-GMN-(GWF)

**ORDER**

        Plaintiff has submitted an amended complaint (#17). The court has reviewed it, and the court will dismiss this action for failure to state a claim.

        When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

        Plaintiff is suing an attorney who was appointed to represent him in a criminal case in state court. In reviewing the original complaint (#11), the court noted that neither public defenders nor appointed counsel act under color of state law for the purposes of 42 U.S.C. § 1983. Order (#10), p. 4 (citing, among other cases, Polk County v. Dodson, 454 U.S. 312 (1981), and Kirtley v. Rainey, 326 F.3d 1088 (9th Cir. 2003 (en banc)). The court gave plaintiff leave to amend,

if he could correct that defect. In the amended complaint (#17), plaintiff still does not allege how his attorney acted under color of state law, other than a vague and conclusory statement that she conspired with the prosecutor and the arresting officer to prosecute him for complaining about being arrested. Without any allegations about how the three people conspired, that statement does not state a claim upon which relief can be granted. See Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Furthermore, even if plaintiff's attorney did act under color of state law, this court cannot grant relief pursuant to 42 U.S.C. § 1983. In Atkins v. Kruse, 2:09-CV-01289-RCJ-(GWF), plaintiff alleges that he was convicted of one count of battery with the use of a deadly weapon in the state-court criminal proceeding at issue. In this action, plaintiff alleges that his attorney provided ineffective assistance of counsel. Such allegations, if proven, would necessarily imply that his conviction is invalid. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Because the conviction is still standing, plaintiff does not state a claim pursuant to 42 U.S.C. § 1983 upon which this court can grant relief.

IT IS THEREFORE ORDERED that this action is **DISMISSED** for failure to state a claim upon which relief can be granted. The clerk of the court shall enter judgment accordingly.

DATED this  14th  day of October, 2010.

_____
Gloria M. Navarro
United States District Judge